In re the Petition for Transfer to Disability Status of Roger A. NURNBERGER, an Attorney at Law of the State of Minnesota.

No. C9-91-252.

Supreme Court of Minnesota.

March 13, 1991.

ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition for transfer to disability inactive status of respondent Roger A. Nurnberger with this Court on February 11, 1991. On that same day, the Director also filed a stipulation for dispensing with panel proceedings, for filing petition for transfer to disability inactive status and for transfer to disability inactive status. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer. Respondent stated that his psychological condition currently prevents him from being able to competently represent clients, but stated that his condition does not interfere with his ability to understand these proceedings and does not prevent him from being able to assist in the defense of these proceedings. Pursuant to the stipulation, respondent joins with the Director in recommending that respondent be transferred to disability inactive status pursuant to Rule 28, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Roger A. Nurnberger, hereby is transferred to disability inactive status, pursuant to Rule 28, Rules on Lawyers Professional Responsibility.

2. That during disability inactive status, respondent shall not render legal advice or discuss legal matters with clients.

3. That the Director shall undertake to complete the pending disciplinary investigation and that respondent shall cooperate with such investigation to the extent that he is able.

4. That formal disciplinary proceedings shall be held in abeyance until respondent is transferred from disability inactive status or until further order of this court.

5. That respondent shall not be reinstated to the practice of law until after this court has conducted a hearing as provided for in Rules 18 and 28(d), Rules on Lawyers Professional Responsibility.

6. That respondent shall comply with Rule 26, Rules on Lawyers Professional Responsibility, and the Director shall assist respondent in sending the notices required by Rule 26 to clients, opposing counsel and tribunals.